UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSELLE JONES | * | |
| | * | CIVIL ACTION NO. 09-7516 |
| VERSUS | * | |
| | * | JUDGE BARBIER |
| CHUBB & SON, INC. AND FEDERAL | * | |
| INSURANCE COMPANY | * | MAGISTRATE WILKINSON |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### FEDERAL INSURANCE COMPANY'S MEMORANDUM
### IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY

Federal Insurance Company ("Federal") respectfully submits this memorandum in

opposition to plaintiff's Motion to Lift Stay (rec. doc. 16).[1]

### INTRODUCTION

This Court should require plaintiff to honor her promise, submit this dispute to an

appraisal proceeding, and deny her Motion to Lift Stay. Plaintiff filed this litigation in late 2009

as a protective measure to toll the running of applicable prescriptive periods. (Rec. doc. 11 at

¶ 4). At that time, the discussion between plaintiff and Federal centered upon the amounts owed,

if any, for a fire that destroyed plaintiff's house. Prior to the fire, Federal had paid plaintiff more

than $1.4 million on plaintiff's Hurricane Katrina claim. And though Federal believed that

plaintiff had done little, if any, work to repair the Katrina damage prior to the fire, and her fire

loss was the subject of an ongoing arson investigation by the New Orleans Police Department

---

[1]    Plaintiff erroneously sued Chubb & Son, Inc. Chubb & Son Inc. (a) is not an insurance
company, (b) is not licensed to engage in the business of insurance in any state, (c) does
not accept applications for insurance contracts or sell insurance, (d) does not issue
insurance policies, (e) does not collect premiums, (f) does not service insurance policies,
and (g) does not transact any other insurance business in any state or jurisdiction.

and Federal Bureau of Alcohol Tobacco and Firearms, Federal paid plaintiff almost $700,000 more for the fire claim.

In early 2010, plaintiff asked Federal to resolve the dispute extra-judicially through a cost appraisal proceeding pursuant to the terms of Federal's insurance policy, which provides as follows: "If you and we fail to agree on the amount of the loss, you and we may select an independent appraiser in order to reach mutual agreement. You and we will share the expenses incurred equally and every effort will be made to reach an agreement within a reasonable time." Ex. A. Federal agreed to the cost appraisal proceeding, and the parties filed a Joint Motion To Stay Proceedings Pending Appraisal, (rec. doc. 11), which this Court granted in April 2010, (rec. doc. 12). Federal was diligent in pursuing the appraisal. For example, in 2012 alone, Federal's adjuster contacted plaintiff's public adjuster at least nine times seeking property damage information in connection with appraisal and/or settlement. Plaintiffs's adjuster responded on at least three occasions that he awaited receipt of the same information from plaintiff. Now, plaintiff seeks to abandon the appraisal process that she requested and that Federal has participated in fully. Plaintiff's only proffered reason for this about-face is that her "financial situation has impeded this effort . . . ." (Rec. doc. 16-1 at 1). But that reason is not sufficient to reopen the case and abandon the more cost-effective process that the parties agreed to, especially considering all that likely remains in the appraisal process is to submit each side's claim to the appraisal umpire. And such an outcome would prejudice Federal, which has spent substantial time and money during the process. This Court should deny plaintiff's motion.

## BACKGROUND

This matter involves a fire insurance claim that overlaps with a Katrina claim. Plaintiff's house at 1817 Napoleon Avenue in New Orleans was damaged by Hurricane Katrina. By January 2008, Federal paid plaintiff more than $1.4 million for property damage on that claim. Approximately nine months later, on October 24, 2008, the house was burned in a fire. Though Federal believed that the Katrina damage had not been repaired at the time of the fire, and was aware of an active arson investigation on the dwelling, it nevertheless paid plaintiff an additional $662,777 on the fire claim in early 2009. That arson investigation commenced the day of the fire and did not close until several months after the payment was made.

Plaintiff filed this suit on November 17, 2009, alleging (incorrectly) that Federal had not timely paid the claim. (Rec. doc. 1-1 at 2). Plaintiff later agreed in pleadings filed with this Court that the true purpose of the lawsuit was to toll the running of applicable prescriptive periods while the claim was being discussed. (Rec. doc. 11 at ¶ 4). In early 2010 plaintiff asked Federal to resolve the dispute extra-judicially through a cost appraisal proceeding pursuant to the terms of Federal's insurance policy, which provides as follows:

> Appraisals: If you and we fail to agree on the amount of loss, you and we may select an independent appraiser in order to reach a mutual agreement. You and we will share the expenses incurred equally and every effort will be made to reach an agreement within a reasonable time.

Ex. A. Federal agreed to the cost appraisal proceeding, and the parties filed a Joint Motion To Stay Proceedings Pending Appraisal, (rec. doc. 11), which this Court granted in April 2010, (rec. doc. 12).

Based on plaintiff's request to pursue appraisal, Federal hired an independent contractor to estimate the repair costs and to communicate with plaintiff's public adjuster. Indeed, early in the process, the parties communicated, reached certain agreements, and postured the case for the final appraisal hearing before an agreed-upon umpire. At this stage of the process, plaintiff became unresponsive. For instance, Federal contacted plaintiff's public adjuster at least nine times in 2012. Most times, the public adjuster did not respond. On some occasions, the public adjuster responded that it still awaited information from plaintiff. No one ever advised Federal that cost was a consideration, much less an obstacle. On March 19, 2013, plaintiff filed the instant Motion to Lift Stay. Her sole support for the motion was that "plaintiff's financial situation has impeded" appraisal and that she "now wishes to proceed to trial with her case." (Rec. doc. 16-1).

## LEGAL STANDARDS

Provisions in insurance policies providing for appraisal in the event that parties disagree as to the amount of loss "are clearly valid in Louisiana." *Triple K, Inc. v. Century Sur. Co.*, No. 10-1236, 2010 WL 3418237, at *2 (E.D. La. Aug. 23, 2010) (citing *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co.*, No. 86-2267, 1988 WL 32938, at *8 (E.D. La. Apr. 6, 1988)); *see also Newman v. Lexington Ins. Co.*, No, 06-4668, 2007 WL 1063578, at *2 (E.D. La. Apr. 4, 2007) ("Courts have consistently held that appraisal provisions in insurance policies are enforceable."). The purpose of the cost appraisal proceeding is to escape the delay and the cost and technicality of court procedure. *Penn. Lumbermens Mut Fire Ins. Co. of Philadelphia, PA v. Barfield*, 138 F.2d 365, 366 (5th Cir. 1943).

## LAW AND ARGUMENT

This Court should deny plaintiff's motion because she requested appraisal of this matter and Federal diligently and in good faith pursued that appraisal. In other words, Federal relied on plaintiff's promise to resolve this case extra-judicially and devoted time and resources towards that process. It would be unfair to allow plaintiff to break that promise now. Indeed, the United States Fifth Circuit Court of Appeals has observed that once an insured has agreed to and taken steps to participate in appraisal proceedings, she should estopped from then repudiating the appraisal process. *See Mitchell v. Aetna Cas. & Sur. Co.*, 579 F.2d 342, 348 & n.4 (5th Cir. 1978) ("If Dr. Mitchell were now allowed to repudiate the appraisal . . . the Insurance Companies would lose part of their costs of the appraisal in which Dr. Mitchell's conduct induced them to participate."). Such is the case here – plaintiff instituted the appraisal, Federal actively participated in the process, and she cannot now repudiate it.

In addition, the appraisal provision of Federal's policy is a condition that once triggered, must be fulfilled. *See Woodward v. Liberty Mut. Ins. Co.*, No. 09-0228, 2010 WL 1186323, at *3 (N.D. Tex. Mar. 26, 2010) ("A completed appraisal that complies with the terms of an appraisal clause in an insurance contract is a condition precedent to bringing a suit on that contract."); *see also Boler-Phillips Body Shop, Inc. v. Emp'rs Mut. Cas. Co.*, 251 Fed. App'x 912, 914-15 (5th Cir. 2007) (finding that because insurer properly invoked appraisal provision of policy, the district court did not err in determining that insured's compliance with appraisal clause was condition precedent to suit by insured). The policy's appraisal clause states that "every effort will be made to reach an agreement within a reasonable time." Ex. A. Federal honored its contractual duty and diligently participated in the process, making "every effort . . .

to reach an agreement within a reasonable time."  Plaintiff did not.  Instead, after triggering the policy condition and allowing the process to advance towards the hearing stage, she then delayed an ultimate hearing for more than a year, and refused to cooperate despite Federal's active participation in the process.  The policy states that the insured agrees "not to bring legal action against us unless you have first complied with all conditions of this policy,"  Ex. A, and Plaintiff's failure to make efforts to reach an agreement within a reasonable time and complete the process she instituted under the terms of the policy is a breach of the policy on her part.  Plaintiff's failure to satisfy this policy condition precludes her right to bring suit under the terms of the policy.

Last, plaintiff's stated reason for changing her mind is weak.  All told, Federal paid plaintiff more than $2 million to repair her home.  We believe the Katrina repairs were not made, and the fire damage has not been repaired.  And plaintiff never indicated that she did not have the financial wherewithal to complete the appraisal hearing.

## CONCLUSION

Plaintiff requested appraisal and cannot now abandon the process.  Such a ruling would prejudice Federal, which has devoted substantial time and resources towards appraisal, and violate a policy condition that plaintiff herself triggered.  Moreover, plaintiff's sole justification in support of her motion, simply stated, is not believable given the substantial insurance proceeds she has received and minimal amount of proceeds used to repair the home.

For these and the reasons stated more fully above, Federal respectfully requests that plaintiff's motion be denied.

Respectfully submitted,

*/s/John W. Joyce*
Steven W. Usdin, 12896
John W. Joyce, 27525
Erica A. Therio, 34115
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Fax: (504 589-9701

*Attorneys for Chubb & Son Inc. and Federal Insurance Company*

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Federal Insurance Company's Memorandum in Opposition to Plaintiff's Motion to Lift Stay has been served upon all counsel of record by this Court's electronic noticing and/or email this 30th day of April 2013.

/s/ *John W. Joyce*

{856675_2}